IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40478
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

FRANK FLORES,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CR-20-1
- - - - - - - - - -
July 10, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Frank Flores appeals the district court's denial of his motion to dismiss based on double jeopardy grounds. Flores contends the district court goaded him into requesting a mistrial by excusing prior defense counsel, thereby barring reprosecution by the Government.

We have reviewed the record and the briefs of the parties and hold that the district court did not err in denying Flores'

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to dismiss based on double jeopardy grounds.  District courts have the authority and the duty to inquire <u>sua</u> <u>sponte</u> into whether counsel should not serve because of a conflict with another client.  <u>United States v. Coleman</u>, 997 F.2d 1101, 1104 (5th Cir. 1993); <u>Wheat v. United States</u>, 486 U.S. 153, 160 (1988); Fed. R. Crim. P. 44(c).  A defendant's right to choice of counsel is limited not only by the demonstration of an actual conflict, but also by a showing of a serious potential conflict, even if a defendant expresses a desire to waive the conflict.  <u>United States v. Sotelo</u>, 97 F.3d 782 (5th Cir.), <u>cert. denied</u>, 117 S. Ct. 620 (1996) and 117 S. Ct. 1002 (1997) and 117 S. Ct. 1324 (1997).

The record substantiates the district court's concern about the conflict of interest posed by prior defense counsel's joint representation.  The record does not suggest that the district court intended to goad or provoke Flores into requesting a mistrial when it excused prior defense counsel.  <u>United States v. Botello</u>, 991 F.2d 189 (5th Cir. 1993); <u>Oregon v. Kennedy</u>, 456 U.S. 667 (1982).

AFFIRMED.